Burket, J.
It is conceded by all parties that the conveyances made by John W. Jones to James W. Gallant, Steven C. Thomas and Charles M. Wambaugh, are in legal effect conveyances of property to trustees in trust for the benefit of creditors.
It is also conceded that the Northwestern Mutual Life Insurance Company, defendant in error, was at the date of said conveyance, and still is, a creditor of said John W. Jones.
The insurance company claims that the conveyances are in legal effect an assignment to trustees for the benefit of creditors, while the plaintiff in error claims that the conveyances do not constitute such an assignment.
All conveyances made to a trustee in contemplation of insolvency, or made with intent to hinder, delay or defraud creditors, are assignments under the provisions of sections 6343 and 6344, Revised Statutes, as they stood before the amendment of April 26, 1898, and are to be administered as such. A conveyance in trust may therefore be an assignment when made in contemplation of insolvency. Can it be an assignment when not made in contemplation of insolvency?
*241 While sections 6343 and 6344 provide that conveyances made in contemplation of insolvency with intent to prefer one or more creditors, or made with intent to hinder, delay or defraud creditors, shall be held to be general assignments, and shall inure to the equal benefit of all creditors, these sections do not provide what shall constitute an assignment when not made in contemplation of insolvency, and not with the wrongful intent mentioned in said sections; and we have no statute in this state defining what shall constitute a general assignment for the benefit of creditors. The statutes on the subject of such assignments assume that it is known what constitutes an assignment for the benefit of creditors, and treat the subject from that standpoint. Whatever constitutes an assignment for the benefit of creditors at common law, will be held to be an assignment under our statutes, and in some respects our statutes are broader than the common law, but never narrower.
At common law any person of sound mind could make an assignment of his property to a trustee for the benefit of his creditors. 3 Am. & Eng. Enc. Law., 2d ed., 22.
And such assignment could be made at common law by a person fully solvent. Hunter v. Ferguson, 3 Col. Appeals, 287; Ogden v. Peters, 21 N. Y., 23; Angell v. Rosenbury, 12 Mich., 241; Wolf v. Mudldrow, 18 S. W. Reporter, 55; Penzel Company v. Jett, 54 Ark., 428.
The form of the instrument making the conveyance is not material. Any instrument which transfers the property to a trustee in trust for the benefit of creditors, constitutes an assignment at *242 common law. In such cases the conveyance is in trúst for the benefit of others, and such trust characterizes the transaction as an assignment, rather than as a simple conveyance. It has been held that the form of the instrument is immaterial when the conveyance is made in contemplation of insolvency, and we hold the same to be true when the conveyance is made by a person fully solvent. Lee v. Hennick, 52 Ohio St., 177, 182.
The deeds in question in this case conveyed the property to trustees in trust for the benefit of creditors and therefore, in legal effect, they constitute an assignment, even though Mr. Jones may have been fully solvent at the time of the making and delivering of the deeds. Whether he was then solvent or not does not fully appear in the record, but for the purposes of this case he is regarded as solvent.
A.s said deeds in legal effect constitute an assignment, it is clear that under section 6335, Revised Statutes, it was the duty of the trustees to file the deeds, or copies thereof, in the probate court of Delaware county, where Mr. Jones resided, within ten days, as required by that section of the statute, which reads as follows :
“When any person, partnership, association or corporation, shall make an assignment to a trustee of any property, money, rights or credits, in trust for the benefit of creditors, it shall be the duty of said assignee, within ten days after the delivery of the assignment to him, and before disposing of any property so assigned to appear before the probate judge of the county in which the assignor resided at the time of executing the said assignment, produce the original assignment, or a copy thereof, cause the same to be filed in the pro *243 bate court, and enter into a bond, payable to the state, in such sum and with such sureties as shall be approved by the court, conditioned for the faithful performance, by said assignee, of his duties according to law; and the court may require the assignee, or any trustee subsequently appointed, to execute an additional undertaking whenever the interests of the creditors of the assignor demand the same; any such assignment shall take effect only from the time of its delivery to the probate judge, and the exact time of such delivery shall be indorsed thereon by the probate judge, who shall immediately note the filing on the journal of the court; and it may be delivered by the assignor to the probate judge either before or after its delivery to the assignee. ’ ’
The public policy established by this section regards a man who places his property into the hands of a trustee for the benefit of. his creditors, and thereby deprives himself of the power of using his property for that purpose, the same as dead as to such property, and the trust a public one in which the state is interested, because the state is always interested to see that creditors receive their just dues. Therefore, the state requires that such a trust shall be administered, under the direction of its courts, and bonds are required of the trustee for the faithful performance of his duties as such trustee, that is for the faithful administration of the trust. The trustees in this case, having failed for more than ten days to file the said deeds, or copies thereof, in the probate court, it became the duty of that court to remove said trustees and appoint others as provided in section 6336, Revised Statutes, which reads as follows:
*244 “If any such assignment or a copy thereof shall, for ten days after the execution of the assignment, not be filed in the probate court as aforesaid, or if the assignee named thereon fail for that time to give bond as aforesaid, the court shall, on the application of the assignor, or of any of his creditors, make an order removing such assignee and appoint a trustee in his place: provided, that if more than one assignee be named in the assignment, and some of them fail as aforesaid, the court may permit the assignee or assignee's complying with the preceding section to qualify and enter upon the discharge of the duties of the trust.”
The deeds were not m ade in contemplation of insolvency, with intent to prefer one or more creditors, nor with intent to hinder, delay or defraud creditors, and therefore no action is required in the court of common pleas as provided in section 6344, Revised Statutes, as it stood before the amendment of April 26, 1898. The object of the action provided for in that section is to set aside a fraudulent conveyance and ascertain the trust, and declare it ■to inure to the equal benefit of all creditors. Here the deeds themselves declare the trust to be for the equal benefit of all creditors, and there is no action necessary to establish that which the deeds have already established. The effort here is not to set aside a conveyance, but to have the conveyance executed according to its terms, and administered under the orders and supervision of the probate court. All parties concede the deeds to be valid, and the only controversy is as to the manner of executing the trust thereby created.
Before the passage of the act of April 6, 1859, entitled “An act to regulate the mode of administering’ assignments in trust for the benefit of *245 creditors,” 56 Ohio Laws, 231., S. & C., 709, such trusts were administered in the court of common pleas, which might under former statutes require security of the trustees for the faithful execution of the trust, or remove them and appoint others as justice might require. See act of March 14, 1853 51 Ohio Laws, 463, S. & C., 712, Note.
By the act of April 6, 1859, the jurisdiction in matters of assignment was vested exclusively in the probate court, where it has ever since remained and now the court of common pleas has no jurisdiction in matters of assignments, except as provided in sections 6344 and 6351, Revised Statutes, and therefore the cases of Hoffman v. Mackall, 5 Ohio St., 124 ; Conkling v. Coonrod, 6 Ohio St., 612, and Floyd v. Smith, 9 Ohio St., 546, are not applicable here, because they all arose and were decided before the probate court obtained jurisdiction of assignment matters, and while such jurisdiction was exercised by the court of common pleas.
The deeds in the above cases of Hoffman v. Mackall, and Conklin v. Coonrod, were very much like the deeds in the case at bar, and they were treated as assignments by the parties and by the court, and the effort in those cases was to set aside the conveyances as fraudulent, and not to execute the conveyances as is the case here. The conveyances in both cases were upheld as valid and no question was made as to the manner of administering the trust, as it had then to be administered in the court of common pleas, the probate court not yet having acquired jurisdiction.
The above case of Floyd v. Smith, was an action by Mr. Smith, to whom a transfer of personal property" had been made-in trust, against the sheriff who had taken the property in execution in a *246 suit against the assignor, the sheriff claiming the transfer to be fraudulent and void. The question was as to the validity of the transfer, and the transfer was sustained. No question was made as to the manner of executing the trust.
For the reason that the probate court had not then acquired jurisdiction, and the further reason that the questions presented and decided were entirely different from the questions in this case, those cases are not applicable here, and throw no light upon the questions involved in this case.
< All assignments, or copies thereof, are required by section 6335, to be filed in the probate court, and it has been urged that before such filing can be legally required, there must be an adjudication in the court of common pleas to the effect that the deeds in question constitute an assignment. That adjudication is not necessary and is not required by any provision . of the statute. The probate court having jurisdiction in matters of assignment, can determine that question itself upon the application of the assignor or a creditor, subject to a review on error in the higher courts as was done in this case.
It is contended by counsel for plaintiff in error that the deeds of conveyance vested the title to the lands in the trustees, and that their removal and the appointment of a trustee by the probate court cannot have the effect to vest title in such trustee, and that a purchaser from such trustee would not take a good title. This contention is not sound. It was said in McNeill v. Hagrty, Auditor, 51 Ohio St., 255, 263, that in such cases the legal title follows the order of the court and vests in the trustee appointed by the probate court. In this case the title vested in the trustees under the deed in *247 trust for the creditors, and such trust is under the jurisdiction and control of the probate court, and certainly the removal of the trustee by the order of the probate court, and the appointment of another trustee has the legal effect, when a sale is made and confirmed by the court, and deed executed and delivered by the new trustee, to divest the legal title out of the original trustees, and vest the same in the purchaser as a good and indefeasible title. Such being the case, the purchaser will take a good title.
A persistent effort has been made by counsel for the insurance company to have this case disposed of on technical points of practice, without reaching the merits of the controversy between the parties, but we regard the points raised as not well taken, and have considered the case on its merits.

Judgment affirmed.